# SUPREME COURT.

HIRAM PIERCE vs. JOSEPH A. CRAINE and E. B. FERNE.

Where an execution has been issued, under the old law, upon a judgment docketed under that law (prior to the passage of the code,) and returned unsatisfied, a *second or pluries* execution may issue, as heretofore, *without an order of the court*, though more than five years (Code, § 284) may have elapsed since the entry of judgment. (See *Merritt* v. *Wing*, *ante*, p. 14. See the case of *Catskill Bank* agt. *Sanford, ante*, 101, which seems to hold a contrary doctrine, although this particular question was not involved in that case.)

This is a motion to set aside the execution in this cause. The judgment in the cause was docketed November 19th, 1839, and on the 30th of October, 1840, an execution was issued upon the judgment, and the same was returned unsatisfied. And on the 25th day of April, 1849, a second execution was issued thereon, and which was on the 8th October, 1849, returned unsatisfied, and on the 12th October, 1849, a third execution was issued thereon and a levy was made upon some property of the defendant Ferne. This execution commanded the sheriff, as before commanded, that he cause to be made $420.06, the amount of the judgment, and the endorsement was to levy this amount and interest from the 19th November, 1839, the time of docketing the judgment, and that he have those moneys before our justices of the Supreme Court, within sixty days from the receipt of said execution to render to the plaintiff, &c. And the defendant now moves to set aside this execution for the reasons and upon the grounds hereafter stated.

MASON, Justice.—The main ground relied upon by the counsel for the defendant is, that the execution in this case was irregularly issued, for the reason that more than five years had elapsed since the entry of the judgment, and that no execution can issue in such case under the present Code of Procedure, only by special leave of the court, and that no order giving the plaintiff leave to issue his execution in this case had been obtained. The 283d section of the code provides that writs of execution for the enforcement of judgments as now used are modified in conformity to this title, and then enacts that the party in whose favor judgment has been heretofore, or shall hereafter be given, may, at any time within five years after the entry of judgment, proceed to enforce the same as prescribed by this title; and by § 284 of the code, it is enacted that after the lapse of five years from the entry of judgment, an execution may be issued only by leave of the court on motion, with notice to the adverse party; and provides that such leave shall be given

unless it be established by the oath of the party or other proof, that the judgment, or some part thereof, remains unsatisfied and due. (Laws of 1849, page 671, § 284.)

These provisions in relation to the issuing of executions to enforce judgments, are new.

Our statute of 1787, which may be found in 1 R. L. p. 89, § 34, was substantially the statute Edward I. chapter 6, and which confined the plaintiff to one year to have execution of his judgment, and this statute continued in force in this state up to the revision of 1830. This statute provided that execution of the judgment might be had at any time within a year, and then enacted that when execution be levied, had or made of a further time passed than one year, that the sheriff shall be commanded that he make known to the party that he or she be before the justices or court at a certain day, to show if he or she have any thing to say why such matters enrolled ought not to have execution, &c.; and then provides that if the defendant do not come, or come and say nothing why execution ought not to be done, then the sheriff shall be commanded to cause the judgment enrolled to be executed. This statute was adopted in most of the states of the Union. The courts in England have always held that when the execution was issued upon the judgment within the year, and returned unsatisfied, that an *alias* or *pluries* execution might be afterwards issued without a *sci. fa.*, by making a continuance upon the roll, and which was regarded as but continuing the same execution of the judgment. It is held, however, in England, that the continuance upon the roll is not now required to connect the second execution with the first, (14 M. & W. 336; 3 Dowl. & L. 38,) and it is still held there that a new execution may be issued at any time if the first has issued within the year and a day, without a *sci. fa.* (3 Dowl. & L. 554; 10 Jurist, 249.) The courts of this state have given the same construction to this statute, and held that one execution having been issued within the year, that another might be issued afterwards without a *sci. fa.* (5 Cow. R. 446; 1 Cow. R. 36; 9 J. R. 391.) I have looked into the reports of a large number of the different states of the Union, and I find that without exception, so far as I have examined, that they have all held that if the first execution be issued within the year, that a second or third execution may afterwards go without a *sci. fa.* or any order of the court. In some of the states it has been decided that the first execution must be returned, and the second or other execution connected with the first by a continuance upon the roll, while in several of the states it is held that no continuance need be entered upon the roll, and such is the rule established by the courts in this state and

in Pennsylvania. (8 J. R. 106; 9 J. R. 391; 1 Cow. R. 36, note *a;* 2 Serg. & Rawle, 142, 156.)

In the revision of 1830, our Legislature changed essentially the language of the statute in relation to the issuing of executions, and gave the plaintiff two years from the filing of the record in which to have execution of his judgment, and the courts have given the same construction to this statute, and have held that when the first execution was issued within the two years, that the plaintiff might at any time afterwards have a second or third execution without a *sci. fa.* or leave of the court. We are now led to consider the present statute. (Laws of 1849, page 671, § 283 and 284.) This 283d section of the statute extends the time to the plaintiff to have execution of his judgment for the period of five years from the entry of the judgment, or, in other words, provides that the plaintiff may enforce his judgment by the writ of execution at any time within five years after the entry of the judgment, and then comes section 284, which provides that after the lapse of five years from the entry of judgment, an execution may be issued only by leave of the court on motion, with notice to the adverse party, and goes on and states the proof which the plaintiff shall make to entitle him to it. The sole object of the interpretation of a statute is to discover the intention of the law-makers. The question arises, then, did the framers of this statute intend to abridge the plaintiff's right to have the execution of his judgment, or did they intend, by the 284th section, to overrule by legislation the construction which the courts in England and in this country had put upon the former statutes, limiting the time of the plaintiff to have execution of his judgment? I am inclined to think they did not. It is a general maxim in the construction of a statute that the words used are to be interpreted and explained conformable to general usage. (Smith's Com. on the Construction of Statutes, 629.) And it is a general rule that when words have received a definite construction by judicial sanction, and such construction has been long acquiesced in, that they shall be taken to have that construction when used in a statute. Now if we limit the language of this 284th section, in its application, to the issuing of the first execution, as the courts have construed all our former statutes upon this subject, and regard the second or subsequent execution as connected with the first and but a continuation of it, whether the entry which shows the connection or continuance be entered upon the roll or not, as has long since been the doctrine of the courts in England and in this state, then the language of this section may have its full force and effect without any other change of the prior law upon this subject than to extend the time from two to five years

to the plaintiff to issue his execution, permitting the plaintiff at the same time to continue the execution of his judgment by new issues after the five years, as was the practice under our former statutes. I think the statute is susceptible of such a construction, and that we shall be doing no violence to the intention of the Legislature in permitting such a construction to obtain. When the prior execution has been issued and returned by the sheriff, under his official oath that the same is unsatisfied, or that it is unsatisfied in part, why the need of putting the plaintiff to the trouble and expense of a special motion to the court for leave to enforce a judgment, which the records of the court show by the sheriff's official return, is unsatisfied. There may be a sufficient reason for requiring this to be done when the judgment stood five years, and the record shows that the plaintiff has made no move to collect the judgment. I am of opinion, therefore, that the execution in this cause was properly issued without an order of the court.

There is nothing in the objections raised as to the form of the execution. It is made returnable within sixty days, as required by section 290 of the code, (Laws of 1849, page 673,) and is a substantial compliance in form with the requirements of section 289 of the same chapter of this statute. If it were defective in the respects urged by defend-ant's counsel, I should not set it aside, but should apply the 176th section of the code to the case and disregard it, or else section 173 and direct it to be amended. This motion must be denied, but as the practice may be said to be in great doubt upon this point, I am not disposed to give the plaintiff costs of opposing.